**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAYLEISHA BARNES; et al., | No. 11-56109 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-00470-JHN-PJW |
| v. | |
| CITY OF PASADENA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Submitted February 7, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

This case involves the fatal shooting of Leroy Barnes by two City of

Pasadena police officers. Plaintiffs, Barnes's two daughters and his estate, appeal

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court's grant of summary judgment in favor of Defendants, the two officers and the City of Pasadena. Reviewing *de novo*, we affirm.

We agree with the district court that Plaintiffs lacked standing to assert an excessive force claim under the Fourth Amendment. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). Plaintiffs have not argued to the contrary. They failed to demonstrate that one of them was Barnes's personal representative or Barnes's successor in interest under California law. *See Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006); Cal. Civ. Proc. Code §§ 377.30, 377.32.

We therefore construe Plaintiffs' Fourth Amendment claim as a Fourteenth Amendment substantive due process claim based on Defendants' alleged deprivation of Plaintiffs' liberty interest in the companionship of their father. *See Smith v. City of Fontana*, 818 F.2d 1411, 1419 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1040 n.1 (9th Cir. 1999) (en banc). To prevail on that claim, Plaintiffs were required to show that Defendants' conduct shocked the conscience. *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010).

Actual deliberation by the officers was not practical because the incident rapidly escalated into a physical struggle and a fatal shooting, and it lasted only

2

about twenty-five seconds. *See id.* Therefore, the officers' conduct shocked the conscience only if they acted "with a purpose to harm unrelated to legitimate law enforcement objectives." *Id.*

We recognize that, this being a case involving deadly force, we must ensure that the officers are "not taking advantage of the fact that the witness most likely to contradict [their] story – the person shot dead – is unable to testify." *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994). We nonetheless conclude that Plaintiffs failed to demonstrate the existence of a genuine issue of material fact concerning whether the officers had a purpose to harm Barnes unrelated to legitimate law enforcement objectives. *See Wilkinson*, 610 F.3d at 554.

First, even if an issue of fact existed about the presence of a gun, the determinative issue was whether the officers reasonably believed Barnes had a gun and posed an immediate threat to safety. The record indicated that they did. The enhanced still photos from the patrol car video undisputedly show something in Barnes's hand, and Plaintiffs pointed to no evidence suggesting that the officers did not believe, or should not have believed, it to be a gun. In light of that belief, the officers used deadly force to ensure their safety. No evidence suggested any other purpose.

3

Second, Plaintiffs' contention that Barnes did not have a gun was not supported by sufficient evidence to create a genuine issue of material fact anyway, even drawing all justifiable inferences in Plaintiffs' favor. The evidence that arguably supported Plaintiffs' position – Edwards's testimony and the lack of forensic evidence on the gun found at the scene, for example – did not discredit the officers' testimony. In addition, other evidence supported the officers' version of the facts, including the gun found at the scene, the patrol car video, and the still photos from the patrol car video. The lack of forensic evidence linking the gun to Barnes was not enough to support Plaintiffs' allegation that Defendants planted the gun. *See Scott*, 39 F.3d at 915 ("The judge must carefully examine all the evidence in the record, such as medical reports, contemporaneous statements by the officer and the available physical evidence, as well as any expert testimony proffered by the plaintiff, to determine whether the officer's story is internally consistent and consistent with other known facts."). The district court therefore properly granted summary judgment on this claim.

Having concluded that no constitutional violation occurred, we do not reach the issue of qualified immunity, and we conclude that Plaintiffs' *Monell* claim fails. *See Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

4

Summary judgment was also appropriate on Plaintiffs' California Government Code § 815.2(a) claim. The City could not be held liable under section 815.2 because the officers' use of deadly force was "justifiable" under California Penal Code § 196. Given the tense and rapidly escalating situation, Barnes's instruction to Edwards to flee the scene, the officers' physical struggle with Barnes, and the presence of a gun, the circumstances "reasonably created a fear of death or serious bodily harm." *Brown v. Ransweiler*, 89 Cal. Rptr. 3d 801, 816 (Ct. App. 2009) (alteration omitted) (quoting *Martinez v. Cnty. of L.A.*, 54 Cal. Rptr. 2d 772, 780 (Ct. App. 1996)).

**AFFIRMED.**